UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GWYNETTA GITTENS, DR. JERALD
THOMPSON, STEPHANIE LAWRENCE
and PRESTON TOWNS,

      Plaintiffs,

v.                                        Case No: 2:16-cv-412-FtM-99MRM

THE SCHOOL BOARD OF LEE
COUNTY, FLORIDA,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Dr. Jerald Thompson's (Dr. Thompson) Unopposed Motion to Sever (Doc. 58). This is a Title VII case alleging racial discrimination in Defendant's hiring practices. Dr. Thompson moves to sever himself from this case and have the Court create a new case file so he may proceed on his individual case only. For the reasons below, the Motion is denied.

## **LEGAL STANDARDS**

Rule 21 authorizes district courts to "sever any claim against any party." "A district court also has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

and fundamental fairness." *Potts v. B & R, LLC*, 8:13-CV-2896-T-27TGW, 2014 WL 1612364 (M.D. Fla. Apr. 21, 2014); see *Foster v. Auburn Univ. Montgomery*, No. 2:11-cv-503-WHA-CSC, 2011 WL 3875623, at *4 (M.D. Ala. Sept.1, 2011) ("[A] court's decision to sever parties under Rule 21 should be tempered by the possibility of prejudice to the severed party."); *Acciard v. Whitney*, No. 2:07-cv-476-UA-DNF, 2008 WL 5120820, at *1 (M.D. Fla. Dec. 4, 2008) ("Courts are given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice."); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-22 (5th Cir. 2010) (considering fundamental fairness of joinder to the parties).

Federal Rule of Civil Procedure 20(a)(1) states that parties may be joined in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: (1) the persons who are joined as plaintiffs must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and (2) all the parties joined must share in common at least one question of law or fact. *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled other grounds, *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

> Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. The Federal Rules, however, also recognize countervailing considerations to judicial economy. Rule 42(b), for example, provides for

2

> separate trials where the efficiency of a consolidated trial is outweighed by its potential prejudice to the litigants. The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy: 'Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.' *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966).

*Id.* at 1323 (internal citations omitted).

On the first requirement, the Eleventh Circuit has noted that several courts have concluded that allegations of a "pattern or practice" of discrimination may "describe such logically related events and satisfy the transaction requirement." See *Alexander*, 207 F.3d at 1323-24 (quoting *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1422 (S.D.N.Y. 1989) ("A company-wide policy purportedly designed to discriminate against females in employment arises out of the same series of transactions or occurrences."); *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, 6 (E.D. Pa. 1979) (noting that allegations of a "pervasive policy of discrimination" by the employer bring the "complaints of individual Plaintiffs under the rubric of the 'same series of transactions'")).

On the second requirement, the Eleventh Circuit has stated: "several courts have found that the question of the discriminatory character of a defendant's conduct can satisfy the commonality requirement of Rule 20." *Alexander*, 207 F.3d at 1324 (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974) (finding that whether the threat of a racially discriminatory policy hangs over a racial class is a question of fact common to all the members of the class); *Blesedell*, 708 F. Supp. at 1422 (noting that "[i]n employment discrimination cases under Title VII, courts have found that the discriminatory character of a defendant's conduct is common to each plaintiff's recovery"); *cf. Grayson v. Kmart Corp.*, 79 F.3d 1086, 1095-96 (11th Cir. 1996) (suggesting that "a

unified policy, plan, or scheme of discrimination" can satisfy Rule 20's commonality requirement). "The second prong does not require that all questions of law and fact raised by the dispute be in common, but only that some question of law or fact be in common to all parties." *Id.* at 1324.

On the other hand, the Eleventh Circuit has recognized the "prejudicial effects of other witnesses' alleged discriminatory experiences may outweigh their probative value where, for example, the alleged discrimination occurs during different time periods . . . different supervisors make the challenged decisions, or the alleged discrimination happens at geographically removed places." *Alexander*, 207 F.3d at 1324 (internal citations omitted).

**DISCUSSION**

Plaintiffs, who are African-American, allege that they applied but were not chosen for various administrative positions with the administration of the School Board of Lee County. (Doc. 39, ¶¶ 19, 27, 32, 37, 42, 49, 72, 73). Plaintiffs also claim that the School Board has a pattern and practice of refusing to hire well-qualified, African-American employees to administrative positions. (*Id.* at ¶¶ 28, 38, 50, 75). Since the inception of this case, Dr. Thompson has been a named Plaintiff. (Doc. 1). Plaintiffs at first moved for class certification, which the Court denied. (Doc. 49). Attorney Benjamin Yormak withdrew from representing Dr. Thompson in August 2017, and new counsel entered an appearance on Dr. Thompson's behalf on January 29, 2018 (Doc. 57) Counsel, shortly thereafter, filed the Motion to Sever.

Dr. Thompson's new counsel argues that Plaintiffs only initially joined in one action to establish a class action, which has been denied, and proceeding as a group of four

4

individual Plaintiffs does not satisfy the Federal Rule's standard for joinder of parties. He states that the claims of each Plaintiff are factually distinct from those of all other plaintiffs, and do not arise out of the same transaction, occurrence, or series of transactions or occurrences so that there was initially a misjoinder of parties that can be remedied only by severance. Dr. Thompson also asserts that Plaintiffs' claims are distinct and will require the testimony of different witnesses and documents and counsel have different strategies for presenting their cases, which would cause prejudice.

Here, the Amended Complaint cites a district-wide policy designed to discriminate against well-qualified African American employees to administrative positions, and that each Plaintiff was allegedly subjected to such a policy. Thus, the Court finds that the claims of each Plaintiff arises out of the same series of transactions or occurrences. *See* Doc. 39 at 11, "Common Allegations." Therefore, common questions of law and fact exist as Plaintiffs seek relief based on the same series of discriminatory actions by one decision-maker – the School Board of Lee County. And although Dr. Thompson summarily states that prejudice will result, and his co-Plaintiffs have offered no response in opposition, he fails to explain how prejudice would outweigh the convenience and judicial economy of keeping all Plaintiffs in one case and proceeding through discovery in one case. There is no doubt an overlap of witnesses common to all parties and Dr. Thompson has offered no evidence or argument to the contrary. Dr. Thompson may always move to sever one or more issues or claims from his case for trial under Federal Rule of Civil Procedure 42(b).

Accordingly, it is now

**ORDERED:**

5

Plaintiff Dr. Jerald Thompson's Unopposed Motion to Sever (Doc. 58) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of February, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record