UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRESTON TOWNS,

    Plaintiff,

v.                                            Case No.:   2:16-cv-412-FtM-38MRM

THE SCHOOL BOARD OF LEE
COUNTY, FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant's Motion to Tax Costs and Incorporated Memorandum of Law, filed on June 25, 2019. (Doc. 114). The motion states that Plaintiff opposes the requested relief (*see id.* at 4), but Plaintiff Preston Towns has not filed a timely response and the deadline by which to do so has lapsed, *see* M.D. Fla. R. 3.01(b). Defendant, the School Board of Lee County, Florida, moves this Court under Fed. R. Civ. P. 54, M.D. Fla. R. 4.18, and 28 U.S.C. § 1920 for an award of certain costs necessarily incurred by Defendant in this case. For the reasons below, the Undersigned respectfully **RECOMMENDS** that the requested relief be **GRANTED**.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided for convenience. Hyperlinks to documents in CM/ECF are subject to PACER fees. The Court does not endorse, recommend, approve, or guarantee any third parties, services, or products associated with hyperlinked websites. The Court has no agreement with any of these third parties. The Court accepts no responsibility for the availability or functionality of any hyperlink. The failure of any hyperlink does not affect the Court's order, opinion, or report and recommendation.

**RELEVANT BACKGROUND**

Plaintiff, Preston Towns, initially brought this putative class action along with other Plaintiffs against their employer, Defendant Lee County School Board, alleging violations of Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e, the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.*, and violations of 42 U.S.C. §§ 1981 and 1983 for unlawful racial discrimination in promoting to and hiring for assistant principals positions. (*See* Doc. 1; Doc. 39). Plaintiff Towns alleged he was "demoted," and that Defendant failed to promote him, because of his race. (Doc. 39 at ¶¶ 51-75, Counts I-V). He sought injunctive relief, back pay, front pay, attorney's fees, costs, and compensatory damages, among other relief. (*Id.*).

After an unsuccessful bid for class certification (*see* Doc. 51), all of the named Plaintiffs eventually settled or resolved their individual claims, except for Preston Towns (*see* Doc. 91). Plaintiff Towns' individual case proceeded to summary judgment and the presiding United States District Judge ultimately granted summary judgment in Defendant's favor on June 10, 2019. (Doc. 112). The Clerk of Court entered a Judgment in Defendant's favor on June 11, 2019. (Doc. 113). Fourteen days later, the Defendant timely filed the motion *sub judice*. (Doc. 114); *see* M.D. Fla. R. 4.18 ("In accordance with Fed. R. Civ. P. 54, all claims for costs . . . preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than 14 days following the entry of judgment.").

**LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The language of Rule 54 creates a presumption in favor of awarding costs to the prevailing party, which presumption the losing party must rebut. *See Manor Healthcare Corp. v.*

2

*Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Moreover, Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987). Section 1920 provides a list of taxable costs as follows:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Courts have discretion in taxing costs under § 1920. *Crawford*, 482 U.S. at 444-45. Yet, absent statutory language to the contrary, courts are prohibited from taxing costs not enumerated in § 1920. *See id.*

## DISCUSSION

As an initial matter, Defendant is indisputably the prevailing party in this litigation. The presiding United States District Judge granted the Defendant's motion for summary judgment on all counts on June 10, 2019 (Doc. 112) and the Clerk of Court entered a Judgment in Defendant's favor on June 11, 2019 (Doc. 113).

In light of this result, the Defendant now seeks to tax certain costs against the Plaintiff, including: (1) $1,875.60 in costs incurred by Defendant for Plaintiff's deposition and deposition

transcript; and (2) $731.18 for one-third of the mediator's fee incurred by the Defendant in this case for the formal mediation conference. (*See* Doc. 114 at 3). The full amount Defendant seeks is ($1,875.60 + $731.18 = $2,606.78). (*Id.*; Doc. 114-1). Defendant filed a verified Bill of Costs with supporting documentation (*i.e.*, invoices from the relevant court reporter and mediator) in support of its request to recover reasonable costs. (Doc. 114-1).

The Undersigned addresses each category of recoverable costs below.

    **A.**    **Deposition Costs**

28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Deposition costs, including transcripts, are taxable under § 1920(2). *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-621 (11th Cir. 2000). Because this case proceeded to summary judgment and Defendant relied upon Plaintiff's deposition transcript in successfully moving for summary judgment in its favor (*see, e.g.*, Doc. 107 at 9; Doc. 107-2 (deposition transcript)), the Undersigned finds that Plaintiff's deposition and deposition transcript were necessarily obtained for use in this case. At the very least, Plaintiff has failed to respond to the Defendant's request to tax these recoverable costs and, thus, has not rebutted the presumption that the deposition costs should be awarded to Defendants. *See Manor Healthcare Corp.*, 929 F.2d at 639.

The verified Bill of Costs reflects that Defendant incurred $1,875.60 for deposition fees and transcript costs. (Doc. 114-1 at ECF p. 1-2). This claim is supported by a copy of the court reporter's invoice filed contemporaneously with the verified Bill of Costs. (Doc. 114-1 at ECF p. 3). Accordingly, the Undersigned finds that Defendant is entitled to recover $1,875.60 in costs related to Plaintiff Towns' deposition in this case. Additionally, Plaintiff failed to respond

to the Defendant's request to tax these costs and, thus, has not rebutted the presumption that the costs should be awarded to Defendants.  *See Manor Healthcare Corp.*, 929 F.2d at 639.

### B.     Mediation Fees

This Court has previously held that mediation costs are not taxable under § 1920. *See American Cas. Co. of Reading, Pennsylvania v. Health Care Indem., Inc.*, No. 807-CV-0421-T-33EAJ, 2009 WL 1456429, at *2 (M.D. Fla. May 22, 2009).  However, the original Case Management and Scheduling Order in this case explicitly provides, with respect to the mediator's compensation, that "[u]pon motion of the prevailing party, the party's share may be taxed as costs in this action." (Doc. 30 at 13 ¶ IV(E)).  Based upon the authority of this Court's Case Management and Scheduling Order, therefore, the Undersigned finds that mediation costs are recoverable in this case.

The verified Bill of Costs reflects that Defendant incurred $2,193.75 in mediation costs in this case to compensate the court-appointed mediator.  (Doc. 114-1 at ECF p. 1-2).  Defendant seeks to recover approximately one-third of that cost – or $731.18 – because Plaintiff Towns was one of three Plaintiffs who participated in the mediation conference.  (Doc. 114 at 3 n.1; Doc. 114-1 at ECF p. 2).  This claim is supported by a copy of the mediator's fee invoice filed contemporaneously with the verified Bill of Costs.  (Doc. 114-1 at ECF p. 4).

Accordingly, the Undersigned finds that Defendant is entitled to recover $731.18 in costs related to the formal mediation conference held in this case.

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Defendant's Motion to Tax Costs and Incorporated Memorandum of Law (Doc. 114) be **GRANTED**.

2. That the presiding United States District Judge enter an order taxing costs against Plaintiff in an amount totaling $2,606.78; and

3. That the Clerk of Court be directed to tax costs against Plaintiff in the amount of $2,606.78 consistent with the presiding United States District Judge's order.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 15, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties