UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRESTON TOWNS, an individual and
on behalf of all similarly situated
individuals

        Plaintiff,

v.                                          Case No.: 2:16-cv-412-FtM-38MRM

THE SCHOOL BOARD OF LEE
COUNTY, FLORIDA,

        Defendant.
_____/

## ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation ("R&R") (Doc. 115), recommending that Defendant's Motion to Tax Costs (Doc. 114) be granted. No party has objected to the R&R, and the period to do so has elapsed. This matter is ripe for review.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

district judge review factual findings *de novo*, and the court may accept, reject or modify the findings in whole or in part. 28 U.S.C. § 636(b)(1); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Here, the School Board of Lee County seeks to recover $1,875.60 for deposition costs and $731.18 in mediation costs. The Supreme Court recently reiterated that absent express authority from Congress, "courts may not award litigation expenses that are not specified in [28 U.S.C.] §§ 1821 and 1920." *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877 (2019). As Judge McCoy found, deposition costs are taxable under § 1920, but deposition costs are not. In deference to the Court's Case Management and Scheduling Order (CMSO), which states that "[u]pon motion of the prevailing party, the party's share may be taxed as costs in this action," Judge McCoy recommends that the School Board recover its mediation costs. But the Court finds that its CMSO must give way to the Supreme Court's clear directive. So the Court will not award the School Board mediation costs.

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation (Doc. 115) is **ACCEPTED and ADOPTED in part**.

(2) Defendant's Motion to Tax Costs (Doc. 114) is **GRANTED in part and DENIED in part**. Defendant is awarded $1,875.60 in costs.

2

(3) The Clerk is **DIRECTED** to amend the judgment to include a cost award in favor of The School Board of Lee County, Florida against Plaintiff Preston Towns in the amount of $1,875.60.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of August, 2019.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record